Canon-McMillan School Board, Appellant, *v.* Commonwealth of Pennsylvania, Pennsylvania Labor Relations Board and Canon-McMillan Education Association, Appellees.

Argued November 7, 1973, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Frank C. Roney,* for appellant.

*Raymond W. Cromer,* Assistant Attorney General, with him *James F. Wildeman,* Assistant Attorney General, *Francis A. Zulli,* Assistant Attorney General, and

*James L. Crawford,* Assistant Attorney General, for Pennsylvania Labor Relations Board.

*Ronald N. Watzman,* with him *Watzman, Levenson and Snyder,* for Canon-McMillan Education Association.

*William Fearen,* with him *Cleckner and Fearen,* for amicus curiae, Pennsylvania School Boards Association.

OPINION BY JUDGE BLATT, January 28, 1974:

This is an appeal by the Canon-McMillan School Board (School Board) from an order of the lower court adopting and approving an opinion and final order of the Pennsylvania Labor Relations Board (Labor Board). The Labor Board found the School Board guilty of having committed an unfair practice in failing to bargain with employee representatives regarding wages for extra-curricular activities contrary to the provisions of Section 1201(a)(5) of the Public Employe Relations Act, Act of July 23, 1970, P.L. 563, 43 P.S. §1101.1201(a)(5) (Act 195). Our scope of review, of course, is here ". . . limited to a determination of whether the findings of the Labor Board are supported by substantial and legally credible evidence and whether the conclusions deduced therefrom are reasonable and not capricious, arbitrary or illegal". *Pennsylvania Labor Relations Board v. State College Area School District,* 9 Pa. Commonwealth Ct. 229, 233, 306 A. 2d 404, 407 (1973).

While we must hold that the Labor Board was correct here in finding that the School Board committed an unfair practice, we would emphasize that the issue in this case is a very limited one: once the school board has exercised its discretion and has decided to conduct

certain extra-curricular activities,[1] must it bargain with the proper employe representatives in regard to the amount of wages[2] to be paid to those member-employes who are employed to supervise such activities?

The appellants contend that this is not a negotiable matter under Act 195 because it is an issue of managerial policy which affects wages, and it is thus covered by the following "meet and discuss"[3] provisions of Section 702: "Public employers shall *not be required to bargain over matters of inherent managerial policy,* which shall include but shall not be limited to such areas of discretion of policy as the functions and programs of the public employer, standards of services, its overall budget, utilization of technology, the organization structure and selection and direction of personnel. Public employers, however, shall be *required to meet and discuss on policy matters affecting wages,* hours and terms and conditions of employment as well as the impact thereon upon request by public employe representatives." 43 P.S. §1101.702. (Emphasis added.) We believe, however, that the clear wording and meaning of the entire Article VII of Act 195 require a different interpretation.

---

[1] Section 511 of the Public School Code of 1949, Act of March 10, 1949, P.L. 30, as amended, 24 P.S. §5-511, gives the board of school directors broad authority to conduct extra-curricular activities and to employ or assign any school employe to the supervision of the recognized activity. *See Pease v. Millcreek Township School District,* 412 Pa. 378, 195 A. 2d 104 (1963).

[2] Section 301 (14) of Act 195, 43 P.S. §1101.301 (14), defines wages as the hourly rates of pay, salaries or other forms of compensation for services rendered.

[3] " 'Meet and discuss' means the obligation of the public employer upon request to meet at reasonable times and discuss recommendations submitted by representatives of public employes: Provided, That any decisions or determinations on matters so discussed shall remain with the public employer and be deemed final on any issue or issues raised." Section 301 (17) of Act 195, 43 P.S. §1101.301 (17).

Section 701 of Article VII specifically provides that wages *must* be a matter subject to collective bargaining, and lists no exceptions to this rule. It provides: "Collective bargaining is the performance of the mutual obligation of the public employer and the representative to meet at reasonable times and confer in good faith with respect to wages, hours and other terms and conditions of employment, . . ." 43 P.S. §1101.701. Moreover, even as to the matters excluded from the requirement of collective bargaining in Section 702 (cited above), which are matters of inherent managerial policy, the legislature provided that a "meet and discuss" communication should be conducted where any such policy matter at issue might affect wages. In this case we do not have a policy matter at issue which might affect wages, for the policy matter has already been decided by the School Board, but *an issue of wages* itself and this issue necessarily comes under the bargaining provision requirements of Section 701.

We believe that this interpretation of Article VII of Act 195 follows the letter of the law as well as its spirit, and that any unduly limited reading of the already narrow scope of the bargaining requirements would prevent the effectuation of the Act's stated purpose. The Act is intended "to promote orderly and constructive relationships between all public employers and their employes . . . [by] minimizing [disputes] and providing for their resolution . . .", and effective execution of the Act requires that the parties negotiate the basic issue of wages. Act 195, 43 P.S. §1101.101.

Order affirmed.

---

DISSENTING OPINION BY JUDGE MENCER:

I respectfully dissent. In *Pennsylvania Labor Relations Board v. State College Area School District*, 9 Pa. Commonwealth Ct. 229, 306 A. 2d 404 (1973), we carefully analyzed Sections 701, 702 and 703 of the Act

of July 23, 1970, P. L. 563, 43 P.S. §§1101.701, 1101.702 and 1101.703. We conclude that "Section 702 provides that public employers shall not be required to bargain as to any matter of inherent managerial policy *but,* if the policy matter affects wages, hours and terms and conditions of employment as well as the impact thereon, upon request, the public employers must meet and discuss such policy matter. However, *the controlling provision,* not to be overlooked, is that under Section 702 a public employer is not required to bargain on any policy matter *notwithstanding the effect or impact that it may have on wages, hours, and terms and conditions of employment."* 9 Pa. Commonwealth Ct. at 238, 306 A. 2d at 410 (footnote omitted) (emphasis in original).

Here the majority arrives at the diametrically opposite conclusion. The majority acknowledges that a board of school directors has broad authority to conduct extracurricular activity. *Pease v. Millcreek Township School District,* 412 Pa. 378, 195 A. 2d 104 (1963). However, here the policy matter of extracurricular activity is somehow transferred from Section 702 to Section 701 when the question of wages is considered. This conclusion reached by the majority renders the second sentence of Section 702 meaningless.

If the majority is correct in its contention that once the bare policy decision is made to have an extracurricular activity, then all matters of wages, hours and other terms and conditions of employment related thereto immediately become bargainable items, the question arises concerning what matters affecting wages, hours and terms and conditions of employment were intended to be reserved for the meet-and-discuss process referred to in the second sentence of Section 702. It is respectfully submitted that the purpose of the second sentence of Section 702 was to provide for those situations where a managerial policy decision affected wages, hours and conditions of employment or had an impact

thereon, and to provide that in such event the employer would be required to meet and discuss on such matters.

In *Pennsylvania Labor Relations Board v. State College Area School District, supra,* we stated that "[o]ur analysis of Sections 701, 702 and 703 of Act 195 produces these applicable criteria: . . . 3. Any item of wages, hours, and other terms and conditions of employment, if affected by a policy determination, is not a bargainable item." 9 Pa. Commonwealth Ct. at 244, 306 A. 2d at 412-13.

The questions of whether or not to field a football team and who shall be the coach are questions of inherent managerial policy. The Board and the majority agree with this salient fact. However, they contend that, once the Section 702 policy decisions to play football and to hire a certain person as the coach have been made, the question of the coach's wages is a matter for collective bargaining under Section 701. Not so. The wages to be paid the coach is a meet-and-discuss item and is an item of wages under Section 702.

I would conclude that the wages to be paid a teacher, subject, under Section 701, to collective bargaining, are those wages attributable to the performance of the teacher's duties for which he can gain tenure and be discharged only in accordance with law and with due process considerations. Accordingly, I conclude that when teachers perform services not subject to the tenure provisions of the School Code, in connection with a voluntary extracurricular activity program, the very creation and continuation of which lies within the discretion of the board of school directors, then the wages attributable to the performance of those services are subject to Section 702 meet-and-discuss provisions.

I believe that such a conclusion (1) gives meaning to the provisions of *both* Sections 701 and 702, (2)

does not diminish the right of the teachers to bargain collectively or the right of the school board to deal realistically with inherent managerial policy matters, and (3) comports with our recent decision in *Pennsylvania Labor Relations Board v. State College Area School District, supra*.

Judge ROGERS joins in this dissent.