WENTWORTH, Judge.
The School Board of Levy County appeals a Public Employees Relations Commission (PERC) final order entered upon petition for declaratory statement filed by the appellee Levy County Education Association. The order found that supplemental pay for coaching duties performed by teachers is a “wage” subject to collective bargaining under section 447.309(1), Florida Statutes (1983). We affirm.
PERC previously held in Martin County Education Association v. School Board of Martin County, 5 FPER sec. 10199 (1979), affd. per curiam, 380 So.2d 582 (Fla. 1st DCA 1980), that supplemental pay for coaching duties performed by teachers was not a wage subject to collective bargaining under section 447.309(1), Florida Statutes (1983). The Commission reasoned that *1141 coaching was not a required duty of teachers, and that coaches’ duties are separate and distinct from teachers’ duties. It concluded that pay supplements for coaching by teachers did not fall under the Commission’s definition of wages as “compensation received by a bargaining unit from the public employer for those services which arise out off, or necessarily evolve from, a job position which is included in the bargaining unit.”
In this case PERC reaffirmed that definition of wages but receded from its holding in Martin that coaching and teaching duties are separate and distinct and held that such extracurricular duties, athletic and nonathletic, are at least in part instructional in nature. It concluded that supplemental pay for coaches who also teach is a wage under section 447.309(1), Florida Statutes (1983). Because wages are a mandatory subject of collective bargaining, supplemental pay for coaching duties performed by teachers must therefore be negotiated through collective bargaining.
The Board contends PERC’s reversal of Martin is unjustified and unsupported by precedent. In addition, the Board claims the holding in this case creates unresolved collective bargaining problems.
We find no compelling merit in these allegations. The order appealed clearly articulates the reasons for PERC’s exercise of its primary responsibility to interpret, and in proper circumstances to re-interpret, the provisions of Chapter 447, Part II, Florida Statutes:
We find the rationale of Martin County unpersuasive. Neither the record in that case nor the record in the instant case reflects any distinction between coaching duties and other extracurricular activities with regard to the mandatory or voluntary nature of the duties. Nonetheless, in Martin County the Commission sanctioned bargaining over supplemental pay for teachers who performed nonathletic extracurricular advisory duties, while holding that the parties were not required to bargain over supplemental pay for teacher/coaches who were also members of the instructional bargaining unit. Whether extracurricular advisory duties are voluntarily accepted or involuntarily assigned is irrelevant to whether supplemental pay for such duties must be negotiated, [citation omitted],...
... [WJhether a teacher’s extracurricular duties are closely related to that teacher’s classroom duties appears to us to have little relevance to whether supplemental pay for the extracurricular duties must be negotiated.
Of much more relevance is the fact that all extracurricular activities, athletic and nonathletic, are at least in part instructional in nature....
[jurisdictions with a statutory definition of subjects of bargaining similar to ours have interpreted their statutory language as requiring negotiations on supplemental pay. See, e.g., West Hartford Education Association v. Dayson DeCourcy, 162 Conn. 566 [295 A.2d 526] (Conn.1972) (compensation for extracurricular duties must be negotiated); PLRB v. Canon-McMillan School Board [316 A.2d 114, 12 Pa.Cmwlth. 323], supra; Lois VanMeter and Wabash City Schools, 1 IPER 157 (Indiana Ed. Emp. Rel. Bd. 1976) (extracurricular salary for high school volleyball, junior high volleyball and high school basketball is mandatory subject of bargaining). Our research has revealed no jurisdiction with a similar statute which has reached a result contrary to the result we reach today.
[[Image here]]
The factual record before us lacks sufficient information with regard to numerous factual matters necessary to determine the unit placement of the four coaches who are not certified teachers and the resulting bargaining rights and obligations of the Association and the Board. As we stated in our October 9, 1984 order in this case, the declaratory statement procedure cannot substitute for a unit clarification proceeding. The issue of the unit placement of the four *1142 coaches who are not certified teachers must be resolved by a petition for unit clarification. See In re School Board of Collier County, 10 FPER sec. 15169 (1984); Fla.Admin.Code Rule 38D-17.-24....
Affirmed.
BOOTH, C.J. and SMITH, JJ„ concur.